MERS MIN#

**Multistate**

# NOTE

August 24, 2009
[Date]

7 Kelly Road                    , Ware, MA 01082

[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means People's United Bank

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of Two Hundred Forty Nine Thousand Two Hundred Eighty Seven and no/100

Dollars (U.S. $ 249,287.00      ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Five and Three / Eighths percent ( 5.3750      %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

   (A) Time

   Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on October 1, 2009. Any principal and interest remaining on the first day of September, 2039, will be due on that date, which is called the "Maturity Date."

   (B) Place

   Payment shall be made at 629 Putney Road, Brattleboro, VT 05301
                                                                   or at such place as Lender may designate in writing by notice to Borrower.

   (C) Amount

   Each monthly payment of principal and interest will be in the amount of U.S. $ 1,395.94          . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

   (D) Allonge to this Note for payment adjustments

   If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

   ☐ Graduated Payment Allonge   ☐ Growing Equity Allonge   ☐ Other [specify]

POTTERMICHDRW20                                         1816357
FHA Multistate Fixed Rate Note                                                                            10/95
VMP ®                                                                                          VMP1R (0809).00
Wolters Kluwer Financial Services   MW 09/08                                                      Page 1 of 3

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Three percent ( 3.0000 %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

POTTERMICHDRW20
FHA Multistate Fixed Rate Note
VMP ®
Wolters Kluwer Financial Services

1816357

10/95
VMP1R (0809).00
Page 2 of 3

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)     _____ (Seal)
Michael C. Potter           -Borrower    Sarah E. Potter           -Borrower

_____ (Seal)     _____ (Seal)
Quentin A. Potter           -Borrower    Constance Potter          -Borrower

_____ (Seal)     _____ (Seal)
                            -Borrower                              -Borrower

_____ (Seal)     _____ (Seal)
witness to all parties -Borrower                                   -Borrower

~~Secretary of Housing and Urban Development of Washington, D.C., and his/her successors and assigns~~

WITHOUT RECOURSE
PAY TO THE ORDER OF ~~XXX~~

Wells Fargo Bank, N.A.

By _Lori K. Venegoria_
Lori K. Venegoria
Vice President Loan Documentation

PAY TO THE ORDER OF
_Wells Fargo Bank NA_
WITHOUT RECOURSE
This _8th_ day of _September_, 20_09_
People's United Bank
_Thomas W. Varno_
Thomas W. Varno
_Manager, Loan Processing_
Title

POTTERMICHDRW20
FHA Multistate Fixed Rate Note
VMP ®
Wolters Kluwer Financial Services

1816357

10/95
VMP1R (0809).00
Page 3 of 3

Borrower Name: Michael C. Potter, Quentin A. Potter, Sarah E. Potter & Constance Potter
Property Address: 7 Kelly Road, Ware MA 01082

## ALLONGE TO NOTE

**PAY TO THE ORDER OF:**

_____

By:

Secretary of Housing and Urban Development by New Penn Financial, LLC dba Shellpoint Mortgage Servicing as Attorney in Fact

_____
Cynthia M. Brock, Manager

Note Allonge

Borrower: MICHAEL C. POTTER, SARAH E. POTTER, QUENTIN A. POTTER AND CONSTANCE POTTER
Property Address: 7 Kelly Rd, Ware, MASSACHUSETTS 01082
Loan Amount: $249,287.00

For the purpose of endorsement of the attached Note, this Allonge is affixed and becomes a permanent part of said Note.

Pay to the order of:

TRIFERA, LLC, without recourse

WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR VM TRUST SERIES 2, A DELAWARE STATUTORY TRUST BY NEW PENN FINANCIAL, LLC, D/B/A SHELLPOINT MORTGAGE SERVICING AS ATTORNEY IN FACT

By: *[signature]*
Name: CYNTHIA M. BROCK
Title: Manager

